## IN THE CIRCUIT COURT OF CAROLINE COUNTY, MARYLAND

GARY WOMER  
    Plaintiff  

vs.                                        Case No: 9917

JOHN R. KOENIG, et al  
    Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

The Plaintiff, Dr. Gary Womer, (hereinafter referred to at times as Womer), a licensed dentist who practiced in Caroline County, has filed suit against Assurance Company of America (hereinafter referred to as Assurance) and John R. Koenig president of J.R. Koenig & Associates, an insurance adjuster, alleging breach of an insurance contract and negligence.

### FACTUAL BACKGROUND

The facts as alleged by the Plaintiff are as follows.[1] On or about October 20, 2004, a cleaning crew responsible for cleaning Womer's office broke a water pipe causing significant property damage to the office. Womer reported the incident to Assurance in order to have the office timely repaired and to minimize disruption of his dental practice. Assurance hired Koenig as its adjuster to evaluate the damage. Womer argues that Assurance, through Koenig, took an unreasonably long time in negotiating repairs to the office, which further aggravated the physical damage to the office, and further disrupted Womer's dental practice, causing him to loose business.

---

[1] For purposes of a motion to dismiss, the allegations asserted in Plaintiff's complaint are treated as if they are true. *See Porterfeild v. Mascari II, Inc.*, 374 Md. 402, 414 (2003).

TRUE COPY TEST  
F. Dale Minner  
CLERK

EXHIBIT F

Koenig, who is the defendant in the negligence count, filed a Motion to Dismiss count IV of the complaint on October 20, 2005, arguing that there is no cause of action for negligent adjustment in Maryland, and that he did not owe any legal duty to Womer.[2]

## STANDARD OF REVIEW

Upon review of a motion to dismiss for failure to state a claim upon which relief may be granted, this Court must "assume the truth of all well-pleaded, relevant, and material facts in the complaint and any reasonable inferences that can be drawn therefrom." *Benson v. State*, 389 Md. 615, 887 (2005), citing *Muthukumarana v. Montgomery County*, 370 Md. 447 (2002). In order to survive such a motion in a negligence action, the Plaintiff "need only allege with certainty and definiteness facts and circumstances sufficient to set forth a duty owed by the Defendant to the Plaintiffs, a breach of that duty and injury proximately resulting from that breach." *Bramble v. Thompson*, 264 Md. 518, 520-21 (1972). Such facts must be pled with some specificity, as such it is not enough to merely assert that the elements of negligence exist. *Valentine v. On Target*, 353 Md. 544 (1999).

## DISCUSSION

In order to establish a cause of action for negligence, the moving party must show "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant was under a duty to protect the plaintiff from injury; 3) that the plaintiff suffered actual injury or loss; and 4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Muthukumarana supra* at 486. The issue central for this

---

[2] At the March 21, 2006 hearing, the Court dismissed Count III of the complaint, the negligence count against J.R. Koenig & Associates as it was not a separate business entity capable of being sued. Count IV remains against John R. Koenig. Counts I and II, both breach of contract counts, were merged as Assurance and the other named defendant, Zurich US, are essentially the same business entity.

2

Court to decide is whether Koenig, as a third party insurance adjuster hired by Assurance, owes a duty to Womer. *Valentine supra* at 549. For the reasons set forth below, this Court finds that he does not, and accordingly the negligence count filed against Koenig must be dismissed.

"The duty element in a negligence action 'is an obligation to which the law will give effect and recognition to conform to a particular standard of conduct toward another.'" *Jacques v. First National Bank of Maryland*, 307 Md. 527, 532 (1986), quoting J. Dooley *Modern Tort Law*, § 3.03 at 18-19.[3] Whether a particular tort duty should be recognized requires examining "the nature of the harm likely to result from a failure to exercise due care, and the relationship that exists between the parties." *Id.* Where the risk of loss is purely economic, "courts have generally required an intimate nexus between the parties…this intimate nexus is satisfied by contractual privity or its equivalent." *Id.*[4] In determining this, the law will often look to what has been agreed to between the parties. *Id* at 535.[5]

Contrary to assertions made by Womer that the progeny of cases since *Jacques* indicates a shift from the intimate nexus requirement to one of forseeability, (*Plaintiff's Opp. to Mt. to Dismiss*, pg 7-8), the Maryland appellate courts have never abandoned contractual privity. See *Walpert v. Katz*, 361 Md. 645 (1998). The issue in *Walpert* was whether the intermediate appellate court erred in finding that the accountants owed a duty based on their knowledge of a third party's reliance on the accountant's work product.

---

[3] There the court held that a bank that agreed to process an application for a loan owes to its customer a duty of reasonable care in the processing and subsequent determination of the application.
[4] The court contrasts this with the requirements in personal injury cases, where no such direct relationship is necessary, and mere forseeability is sufficient to establish a duty. *Id.*
[5] In *Jacques*, the Court found that while there was no express contract between the parties, the bank did make express promises to the plaintiffs. Further, the bank could have refused to do business with the plaintiffs, *Id* at 539, but expressly undertook to process the loan. Implicit in such an agreement is to act with reasonable care.

3

The Court set forth the three possible approaches to cases of this type: strict privity, liability extended to members of a limited class of third parties whose reliance on the information is known to the defendant, and forseeabilty in the generalized tort sense. After an extensive analysis of the development of negligence law relating to non-contractual relationships leading to economic losses, the Court found that to be a duty, there must be privity between the parties. "While other jurisdictions have adopted a forseeability standard in assessing tort liability, this Court has consistently held that duty to avoid economic harm cannot be predicated on forseeability alone." *Id.* at 602. The Court considered what is meant by privity or its equivalent, and set out a three-part test in the context of accountant/third party relationships. Privity is met when an accountant "[is] aware that the financial reports they prepare are to be used for a particular purpose or purposes, that a known party or parties are intended to rely on those reports for that purpose or purposes, and they have a relationship with the party that indicates that they understand that party's reliance." *Id.* at 690. Therefore, the relationship must be such that the defendant is able to predict his liability exposure. *Id.*

This three-part test was applied in *Farmer's Bank of Maryland et al. v. Chicago Title Insurance Company, et al.*, 163 Md. App. 158 (2005). This Court does not read *Farmer's Bank* as a departure from the nexus requirements towards a forseeability standard. There, the Court considered the liability of a depository bank to a non-customer drawer. The Court reiterated the requirement of contractual privity or its equivalent while emphasizing the need "assess the reasonable expectations of the defendant." *Farmers Bank*, 163 Md. App. 177.

4

Relying upon the three-part test set forth in *Walpert*, and the further explanations in *Farmer's Bank*, it is clear to this court that Koenig owes no duty to Womer. Clearly, there was no contract between Womer and Koenig. Rather, Koenig's contractual obligation was with Assurance. Even assuming, arguendo, that Koenig knew or should have known that a timely adjustment was critical in order that Womer's dental office be restored to its original condition as soon as possible, such knowledge is insufficient to establish any duty owed by Koenig to Womer. The facts alleged indicate that Koenig was merely acting within his duty as an insurance adjuster hired by Assurance.

More importantly, there is no evidence that Koenig engaged in any conduct that created the equivalent of contractual privity with Womer. Koenig was an agent of Assurance, and any actions were within this relationship. Womer has not provided any evidence to the contrary. To hold Koenig liable, without any evidence that he went beyond the duty of an insurance adjuster by taking affirmative acts outside his employment duties or making promises which Womer relied upon, places Koenig, as well as all insurance adjusters investigating insurance claims made by policy holders of any type of insurance, in a very tenuous position. To create a duty would demand that the adjuster serve two masters who may be, in some situations, at odds with each other.

Wherefore, it is this ____ day of June, 2006, ORDERED by the Circuit Court for Caroline County, that Koenig's Motion to Dismiss Count IV is hereby GRANTED.

_____
Judge Karen Murphy Jensen

5